

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

**GERALD C. MANN**
**ATTORNEY GENERAL**

A. G. FILE No.

*Superseded by amendment to art. 1.05 Election*

Hon. G. H. Slaughter
County Attorney
Martin County
Stanton, Texas

Dear Sir:

Opinion No. O-1964
Re: The six months residence
requirement of candidates
for public office, under
Article 2927, Revised Civil
Statutes of Texas.

We are in receipt of your recent letter requesting the opinion of this department touching the eligibility of a person to run for public office who will have resided in the county, precinct or municipality in which he offers himself as a candidate, six months next preceding the November general election, but less than six months next preceding the party primary election.

Article 2927, Revised Civil Statutes of Texas, provides:

"No person shall be eligible to any
State, county, precinct or municipal office
in this State unless he shall be eligible
to hold office under the Constitution of
this State, and unless he shall have resid-
ed in this State for the period of twelve
months and six months in the county, pre-
cinct, or municipality, in which he offers
himself as a candidate, next preceding any
general or special election, and shall have
been an actual bona fide citizen of said
county, precinct, or municipality for more
than six months. No person ineligible to
hold office shall ever have his name placed
upon the ballot at any general or special
election, or at any primary election where

Hon. G. H. Slaughter, Page 2

        candidates are selected under primary elec-
        tion laws of this State; and no such ineligi-
        ble candidate shall ever be voted upon, nor
        have votes counted for him, at any such gen-
        eral, special, or primary election."

        It is observed that the term "general or spe-
cial election", only, appears in the first sentence of
the statute; whereas, thereafter in the statute touching
a different but related matter appear the terms "any
general or special election, or at any primary election".
(emphasis ours)  Clearly, therefore, the employment of
the term "general or special election", pertaining to
the six months residence and citizenship requirements
was not intended to include primary elections.

        The general election is held in November; spe-
cial elections are held at such times and places as fix-
ed by law. Article 2930, Revised Civil Statutes, as
amended.

        A "primary election" is one held by the mem-
bers of an organized political party for the purpose of
nominating the candidates for such party to be voted for
at a general or special election.  Article 3100, Revised
Civil Statutes.

        It has been repeatedly held by this department
that, under Article 2927, supra, apart from other necess-
ary qualifications, an individual is eligible to hold a
public office if he has resided in, and been a bona fide
citizen of, the county, precinct or municipality six
months prior to the general election or special elections
fixed by law.

        The Supreme Court of Texas in the case of Koy
vs. Schneider, 110 Tex. 369, 218 SW 279, 221 SW 880, held
that the term "election" as used in the Constitution does
not comprehend primary elections.

        Accordingly, you are advised that it is the
opinion of this department that Article 2927, supra, in

Hon. G. H. Slaughter, Page 3

its six months residence and citizenship requirements, refers to the general election or special elections fixed by law, and does not refer to party primary elections.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Zollie C. Steakley
Zollie C. Steakley
Assistant

APPROVED FEB 21, 1940

ZCS:AW

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY Bur
CHAIRMAN